# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAWN KATHLEEN BERTA, | ) | CASE NO.: 1:18CV693 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on an objection filed by Plaintiff Dawn Berta to the Report and Recommendation ("R&R") of the Magistrate Judge. On January 29, 2019, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the denial of Berta's application for benefits. On February 12, 2019, Berta objected to the R&R. On February 26, 2019, the Commissioner responded to the objection. The Court now resolves the objection.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a

reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

In her sole objection, Berta contends the R&R erred when it concluded the ALJ's determination regarding her residual functioning capacity was supported by substantial evidence. Specifically, Berta contends that both the R&R and the ALJ erred when they concluded that the limitations created by her diplopia were accounting for in her RFC. Specifically, Berta frames her argument as follows:

> The issue that Berta raises is whether there is substantial evidence that Berta's double vision impacted her vision only in the range of less than 20 inches and greater than 20 feet. There is no evidence from the record or by nature of the impairment that supports this conclusion.

Doc. 16 at 3.

In raising her objection, Berta entirely ignores the analysis performed by the R&R. The R&R details the medical evidence that varied with respect to Berta's claim regarding double vision. Numerous notes indicated that Berta was not complaining of double vision during several visits, while complaining during others. Berta, however, was consistently noted as having normal visual acuity. Perhaps more importantly, Berta has not identified anything in the record to support the limitation she believes should have been imposed. Instead, Berta seeks to impose an impossible burden on both the ALJ and the R&R – she seeks require the ALJ to explain why an additional limitation, one she created, was not imposed. Herein, that answer is simple upon review. There is nothing in the record to support it. Berta's medical records support limitations on her peripheral vision, her near acuity, and her far acuity. There is nothing in the record that supports additional limitations, and her diagnosis of diplopia, standing alone, does not warrant

additional limitations.  Accordingly, the Court finds no error in the R&R's conclusion that the RFC properly included all of Berta's medical limitations.

For the reasons stated above, Berta's objection is OVERRULED.  The R&R is ADOPTED IN WHOLE.  The decision of the Commissioner is hereby AFFIRMED.


Dated: March 20, 2019               /s/ John R. Adams
                                    JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE